Susan D. Silveira, Esq.#169630
Silveira Law Offices
1177 Branham Lane #420 (mail only)
San Jose, California 95118
Telephone: (408) 265-3482
Facsimile: (408) 265-7479
silveiralaw@earthlink.net

Attorney for Debtors
John and Michelle Sarinana

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In Re: ) Case No. 09-51357 ASW
)
JOHN SARINANA ) Chapter 13
)
MICHELLE SARINANA )
        Debtors. ) ADVERSARY NO. 09-5145 ASW
)
WELLS FARGO CARD SERVICES )
        Plaintiff, )
vs. )
) DATE:
JOHN SARINANA and , ) TIME:
MICHELLE SARINANA ) PLACE:
)
)
        Defendants. )

**DEFENDANTS' ANSWER TO COMPLAINT**

1. Answering paragraph 1, defendants admit the allegations in this paragraph.

2. Answering paragraph 2, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations.

3. Answering paragraph 3, defendants admit the allegations in this paragraph.

1

4. Answering paragraph 4, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations.

5. Answering paragraph 5, defendants admit the allegations in this paragraph.

6. Answering paragraph 6, defendants admit that the Plaintiffs made contact to discuss this matter but deny the allegation that this contact was made in an attempt to resolve the matter and affirmatively state that the Plaintiff's contact was for the purpose of obtaining a stipulation to extend the deadline for filing a nondischargeability complaint and Defendants also affirmatively state that they provided information to Plaintiffs indicating that the circumstances of the transaction in question were sufficient to rebut the presumption of nondischargeability.

7. Answering paragraph 7, defendants admit the allegations in this paragraph but affirmatively state that the alleged "extension of credit" was for the purposes of a balance transfer and that this purpose was stated to the Plaintiff prior to their decision to extend this credit.

8. Answering paragraph 8, defendants deny this allegation with respect to the use of the term" cash advance" as the purpose of this transaction was to transfer a balance on a different credit card account for the purposes of obtaining a lower and more affordable interest rate pursuant to an offer made by the Plaintiff.

9. Answering paragraph 9, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations.

## RESPONSE TO FIRST CAUSE OF ACTION

10. Answering paragraph 10, defendants reallege and incorporate by reference the admissions, allegations, and denials in paragraphs 1 through 9 of this answer.

11. Answering paragraph 11, defendants deny these allegations with respect the allegations that they "made cash advances to themselves" and affirmatively state that they accepted a

2

offer made by the Plaintiff to transfer a credit card balance to their Wells Fargo account for a low rate of interest and Plaintiff accomplished this balance transfer by placing the "payoff" funds of $17,000.00 in the debtors' bank account with the Plaintiff.

12. Answering paragraph 12, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations.

## RESPONSE TO SECOND CAUSE OF ACTION

13. Answering paragraph 13, defendants reallege and incorporate by reference the admissions, allegations, and denials in paragraphs 1 through 12 of this answer.

14. Answering paragraph 14, defendants deny the allegations in this paragraph.

15. Answering paragraph 15, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

16. Answering paragraph 16, defendants are without sufficient information or belief to admit or deny the allegations in this paragraph. Based on this lack of information or belief, defendants deny the allegations. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

17. Answering paragraph 17, defendants deny the allegations and affirmatively allege that the "extension of credit" was a balance transfer at a low interest rate and, as such, the Defendants had the intention to repay said obligation at the time it was incurred.

18. Answering paragraph 18, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

19. Answering paragraph 19, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

20. Answering paragraph 20, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

21. Answering paragraph 21, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

22. Answering paragraph 22, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

23. Answering paragraph 23, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

24. Answering paragraph 24, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

25. Answering paragraph 25, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

26. Answering paragraph 26, defendants deny the allegations in this paragraph. Defendants affirmatively allege that the allegations in this paragraph constitute conclusions of law and, as such, are improper as allegations in this complaint.

## **FIRST AFFIRMATIVE DEFENSE**

27. That the complaint does not state facts sufficient to constitute a cause of action against answering Defendants, JOHN and MICHELLE SARINANA (hereinafter "answering

Defendants").

## SECOND AFFIRMATIVE DEFENSE

28. That Plaintiff itself was primarily and actively careless and negligent in and about the matters alleged in its complaint; that said primary act(s) of negligence upon said Plaintiff's own part proximately contributed to the happening of the incident and to the loss and damages complained of, if any, there were.

## THIRD AFFIRMATIVE DEFENSE

29. That Plaintiff voluntarily and knowingly assumed the risk, if any there was, at the time and place of the incident referred to in his complaint.

## FOURTH AFFIRMATIVE DEFENSE

30. That Plaintiff was careless and negligent in and about the matters referred to in the complaint. Such negligence and carelessness on the part of Plaintiff proximately contributed to and was the proximate contributing cause of the happening of the incident and to the loss and damages complained of, if any there be.

## .FIFTH AFFIRMATIVE DEFENSE

31. That Plaintiff failed to mitigate the damages which it contends it suffered and therefore is barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

32. That the complaint is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

33. That the complaint is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

34. That the complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

35. That the complaint is barred by the doctrine of collateral estoppel.

## TENTH AFFIRMATIVE DEFENSE

36. That the complaint is barred by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

37. That the complaint is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

38. Plaintiff has not suffered any legally recoverable damages, or damages of any kind, as a proximate result of any act or omission of the defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

39. This answering defendant alleges that any liability of defendant is barred or cut off by the superseding or independent intervening acts of others, including plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

40. The claims of Plaintiff against this answering defendant are not based on good faith, are frivolous, and entitle this answering Defendant to an award of reasonable expenses and attorney's fees.

WHEREFORE, Defendants requests Judgment as follows:

1. That Plaintiff take nothing by the Complaint, which will be dismissed with prejudice;
2. That Defendants be awarded reasonable attorney's fees according to proof;
3. That Defendants recover from Plaintiff their costs of suit;
4. That the Court order further reasonable relief as the Court may deem just and equitable.

Date: September 21, 2009        SILVEIRA LAW OFFICES

By:/s/ Susan D. Silveira
Attorney for Debtors/Defendants
John and Michelle Sarinana